UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SITA INFORMATION NETWORKING
COMPUTING USA, INC.,

Civil Act. No. 1:14-cv-20449-JAL

      Plaintiff,

v.

FAUSTO CAPOTE, HUGO CORDOVA,
and KRONOS SOFTWARE SOLUTIONS,
INC.,

      Defendants.

_____/

## CONFIDENTIALITY STIPULATION AND PROPOSED AGREED ORDER

Plaintiff SITA INFORMATION NETWORKING COMPUTING USA, INC. ("SITA"), by and through its counsel and Defendants FAUSTO CAPOTE, HUGO CORDOVA, and KRONOS SOFTWARE SOLUTIONS, INC. (collectively, "Defendants"), by and through their counsel, hereby stipulate and agree as follows:

1.    "Confidential material" means:

    a)    All copies of material stamped or designated as confidential material presented at the hearing to be held Wednesday, February 12, 2014 at 1:30 p.m. (the "Hearing").

    b)    Any document produced by SITA which is designated "confidential" by the party producing it by stamping the cover or first page of each such document "confidential" (provided that such stamping need occur not prior to inspection of the documents, but only prior to delivery of copies of documents) or which is filed under seal;

Civ. Act. No. 1:14-cv-20449-JAL

c)    Any deposition or portion thereof or deposition exhibit, appendix, exhibit or document pertaining to such designated as confidential material by counsel for any party or witness pursuant to ¶ 4 of this stipulation; and

d)    Any information contained in or derived from any document, deposition, portion of a deposition or deposition exhibit designated as confidential material; unless the information is also contained in or derived from non-confidential sources.

2.    No copies of confidential material shall be made except to the extent necessary for this litigation.  If the duplicating process by which copies of confidential material are made fails to reproduce the "confidential" stamp, all such copies shall be stamped with a "confidential" designation.  No persons other than attorneys, their support personnel or experts, who are consulted expressly for this matter, may make, or cause to be made, any copies of confidential material.

3.    Those obtaining access to confidential material under this stipulation agree that such information shall not be used for any purpose other than this instant litigation, including the Hearing, appeals, and retrials.

4.    Counsel for any party, non-party or witness may orally designate deposition exhibits or testimony or any portion thereof as confidential material during the course of a deposition, in which case the reporter of the deposition shall place such exhibits and the transcription of testimony so designated in a volume marked "confidential."  Alternatively, within thirty (30) days following receipt of a deposition transcript, counsel for any party or witness may designate to all parties a deposition or portion thereof as confidential material by denominating by page and line those portions of the deposition transcript which are to be considered confidential material.  During the thirty (30) day period following receipt of a

Civ. Act. No. 1:14-cv-20449-JAL

deposition transcript, the entire transcript shall be treated as confidential material. Any deposition exhibit or testimony or portion of a deposition so designated, or any separately bound volume containing confidential material, shall not be filed with the court except in accordance with ¶ 8 of this stipulation.

5.     If any party or non-party believes that designation of any information by another party or non-party as confidential material is unwarranted, it may so inform the designating party or non-party in writing within thirty (30) days of the designation. Upon such written objection, these persons or parties shall negotiate in good faith to resolve their differences, but failing agreement within thirty (30) days following receipt of the written objection to the designation, any party or non-party may file a motion with the court seeking a ruling on the objection. While such a motion is pending, the material designated as confidential material shall be treated as such.

6.     Confidential material may not be disclosed for any purpose other than this instant litigation between the parties, including the Hearing, appeals, and retrials, and may not be disclosed to anyone other than the following categories of persons:

     a)     Attorneys for any party engaged in the litigation of this action and professional, clerical, secretarial and other support personnel of such attorneys;

     b)     Persons who are expressly retained to assist such attorneys in the preparation of this action for trial, including but not limited to independent auditors, outside accountants, expert witnesses and other consultants and the employees of such persons;

     c)     Persons who are parties, or officers, directors or employees of such person; and

Civ. Act. No. 1:14-cv-20449-JAL

d)    The court, its employees and/or the trier of fact and court reporters transcribing trial or deposition testimony taken in this case and notarizing officers.

7.    Before disclosing confidential material to any person pursuant to ¶ 6 of this stipulation, counsel for the party making such disclosure shall provide to each such person a copy of this stipulation. Counsel shall advise him or her that he or she shall not disclose any confidential material to any other person and that violation of this stipulation may subject such person to judicial sanctions.

8.    If any party wishes to use confidential material in connection with a brief, written argument or filing, such confidential material shall be submitted and filed under seal placed in a sealed envelope bearing the notation "FILED UNDER SEAL PURSUANT TO COURT ORDER."

9.    Whenever confidential material is to be disclosed in a deposition, prior to making such disclosure, the party proposing to do so shall inform the witness on the record that the use of such confidential material is subject to the terms of this stipulation.

10.    Counsel for the parties to whom confidential material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this stipulation.

11.    This stipulation shall not be deemed a waiver of any party's right to:

a)    Object to any discovery request on any ground;

b)    Seek an order compelling discovery with respect to any discovery request;

c)    Object at any proceeding to the admission of any evidence on any ground.

DMADMIN\2767292.1                                    4

Civ. Act. No. 1:14-cv-20449-JAL

12.     This stipulation shall not apply to any confidential material that was in the possession of the recipient prior to disclosure or came into the possession of the recipient from a third party who is under no obligation or duty to refrain from disclosing it.

13.     The provisions of this stipulation shall continue in effect with respect to any confidential material until expressly released in writing by the party furnishing the confidential material.   Upon final determination of this action, each party shall return all confidential material in its possession or control and all copies thereof to the party or person who furnished it.   Moreover, all documents and other material prepared by or on behalf of any party, its counsel or consultants containing any confidential material of another party shall be destroyed to the extent that it contains such confidential material.

**WHEREFORE**, the parties respectfully request that the Court enter the attached agreed order approving and adopting this stipulation.

Dated: February 11, 2014

SITA INFORMATION NETWORKING
COMPUTING USA, INC.

By: _____

Its: Director, Human Resources


KRONOS   SOFTWARE   SOLUTIONS,
INC.

By: _____

Its: _____


FAUSTO CAPOTE

By: _____

DMADMIN\2767292.1                                    5

Civ. Act. No. 1:14-cv-20449-JAL

12.     This stipulation shall not apply to any confidential material that was in the possession of the recipient prior to disclosure or came into the possession of the recipient from a third party who is under no obligation or duty to refrain from disclosing it.

13.     The provisions of this stipulation shall continue in effect with respect to any confidential material until expressly released in writing by the party furnishing the confidential material.  Upon final determination of this action, each party shall return all confidential material in its possession or control and all copies thereof to the party or person who furnished it.  Moreover, all documents and other material prepared by or on behalf of any party, its counsel or consultants containing any confidential material of another party shall be destroyed to the extent that it contains such confidential material.

**WHEREFORE**, the parties respectfully request that the Court enter the attached agreed order approving and adopting this stipulation.

Dated: February 11, 2014

SITA INFORMATION NETWORKING
COMPUTING USA, INC.

By:_____

Its:_____


KRONOS SOFTWARE SOLUTIONS,
INC.

By:_____

Its:_____ FAUSTO CAPOTE – REGIONAL DIRECTOR


FAUSTO CAPOTE

By:_____

DMADMIN2767292.1                    5

Civ. Act. No. 1:14-cv-20449-JAL

HUGO CORDOVA

By: _____

**THE LAW OFFICES OF GARY A.**
**COSTALES, P.A.**

By: _____
    Gary A. Costales, Esq.
    Florida Bar No. 948829
    1200 Brickell Avenue, Suite 1230
    Miami, Florida 33131
    Telephone: (305) 375-9510
    Facsimile: (305) 375-9511
    costalesgary@hotmail.com

    *Attorney for Defendants*

**DUANE MORRIS LLP**

By: _____
    Lida Rodriguez-Taseff, Esq.
    Florida Bar No. 039111
    200 S. Biscayne Blvd., Suite 3400
    Miami, FL 33131
    Tel: (305) 960-2242
    Fax: (305) 397-2443
    Primary Email for Lida Rodriguez-Taseff:
    lrtaseff@duanemorris.com
    Secondary Emails:
    DPerez@duanemorris.com
    YArnavat-Parga@duanemorris.com

**CHAMBERLAIN HRDLICKA WHITE**
**WILLIAMS & AUGHTRY**
    Annette A. Idalski
    Georgia Bar No. 005559
    *Pro Hac Vice pending*
    F. Beau Howard
    Georgia Bar No. 142641
    *Pro Hac Vice pending*
    191 Peachtree Street, N.E.
    Thirty-Fourth Floor
    Atlanta, Georgia 30303-1747
    Tel: (404) 659-1410
    Fax: (404) 659-1852
    annette.idalski@chamberlainlaw.com
    beau.howard@chamberlainlaw.com

    *Attorneys for Plaintiff SITA Information*
    *Networking Computing USA, Inc.*

Civ. Act. No. 1:14-cv-20449-JAL

HUGO CORDOVA

By:_____

**THE LAW OFFICES OF GARY A.**
**COSTALES, P.A.**

By: _____
    Gary A. Costales, Esq.
    Florida Bar No. 948829
    1200 Brickell Avenue, Suite 1230
    Miami, Florida 33131
    Telephone: (305) 375-9510
    Facsimile: (305) 375-9511
    costalesgary@hotmail.com

    *Attorney for Defendants*

**DUANE MORRIS LLP**

By: _____
    Lida Rodriguez-Taseff, Esq.
    Florida Bar No. 039111
    200 S. Biscayne Blvd., Suite 3400
    Miami, FL 33131
    Tel: (305) 960-2242
    Fax: (305) 397-2443
    Primary Email for Lida Rodriguez-Taseff:
    lrtaseff@duanemorris.com
    Secondary Emails:
    DPerez@duanemorris.com
    YArnavat-Parga@duanemorris.com

**CHAMBERLAIN HRDLICKA WHITE**
**WILLIAMS & AUGHTRY**
    Annette A. Idalski
    Georgia Bar No. 005559
    *Pro Hac Vice pending*
    F. Beau Howard
    Georgia Bar No. 142641
    *Pro Hac Vice pending*
    191 Peachtree Street, N.E.
    Thirty-Fourth Floor
    Atlanta, Georgia 30303-1747
    Tel: (404) 659-1410
    Fax: (404) 659-1852
    annette.idalski@chamberlainlaw.com
    beau.howard@chamberlainlaw.com

    *Attorneys for Plaintiff SITA Information*
    *Networking Computing USA, Inc.*

Civ. Act. No. 1:14-cv-20449-JAL

HUGO CORDOVA

By:_____

**THE LAW OFFICES OF GARY A. COSTALES, P.A.**

By: _____
    Gary A. Costales, Esq.
    Florida Bar No. 948829
    1200 Brickell Avenue, Suite 1230
    Miami, Florida 33131
    Telephone: (305) 375-9510
    Facsimile: (305) 375-9511
    costalesgary@hotmail.com

*Attorney for Defendants*

**DUANE MORRIS LLP**

By:_____
    Lida Rodriguez-Taseff, Esq.
    Florida Bar No. 039111
    200 S. Biscayne Blvd., Suite 3400
    Miami, FL 33131
    Tel: (305) 960-2242
    Fax: (305) 397-2443
    Primary Email for Lida Rodriguez-Taseff:
    lrtaseff@duanemorris.com
    Secondary Emails:
    DPerez@duanemorris.com
    YArnavat-Parga@duanemorris.com

**CHAMBERLAIN HRDLICKA WHITE WILLIAMS & AUGHTRY**
    Annette A. Idalski
    Georgia Bar No. 005559
    *Pro Hac Vice pending*
    F. Beau Howard
    Georgia Bar No. 142641
    *Pro Hac Vice pending*
    191 Peachtree Street, N.E.
    Thirty-Fourth Floor
    Atlanta, Georgia 30303-1747
    Tel: (404) 659-1410
    Fax: (404) 659-1852
    annette.idalski@chamberlainlaw.com
    beau.howard@chamberlainlaw.com

*Attorneys for Plaintiff SITA Information Networking Computing USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SITA INFORMATION NETWORKING
COMPUTING USA, INC.,                          Civil Act. No. 1:14-cv-20449-JAL

     Plaintiff,

v.

FAUSTO CAPOTE, HUGO CORDOVA,
and KRONOS SOFTWARE SOLUTIONS,
INC.,

     Defendants.

_____/

## AGREED ORDER ADOPTING CONFIDENTIALITY AGREEMENT

THIS CAUSE having come before the Court on the Confidentiality Stipulation between

Plaintiff SITA INFORMATION NETWORKING COMPUTING USA, INC., and Defendants

FAUSTO CAPOTE, HUGO CORDOVA, and KRONOS SOFTWARE SOLUTIONS, INC., and

the Court having reviewed the Confidentiality Stipulation and being otherwise duly advised in

the premises, it is hereby

ORDERED AND ADJUDGED that the Confidentiality Stipulation is approved and

adopted as an Order of the Court and the Court retains jurisdiction to enforce the Confidentiality

Stipulation's terms this _____ day of _____, 2014.

                             _____
                             HONORABLE JOHN J. O'SULLIVAN
                             UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

_____

DMADMIN\2767292.1