UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SITA INFORMATION NETWORKING  :
COMPUTING USA, INC.,          :
                              :
       Plaintiff,             :
                              :
  v.                          :
                              :  Civ. Act. No. 1:14-cv-20449-JJO
FAUSTO CAPOTE, HUGO CORDOVA and :
KRONOS SOFTWARE SOLUTIONS, INC., :
                              :
       Defendants.            :
                              :

## CONSENT PERMANENT INJUNCTION

This matter came before the Court on SITA Information Networking Computing USA, Inc.'s ("**SITA**") emergency motion for permanent injunction against Defendants Fausto Capote ("**Capote**"), Hugo Cordova ("**Cordova**") and Kronos Software Solutions, Inc. ("**Kronos**") (collectively "**Defendants**"). Upon the agreement of the parties, it is hereby **ORDERED**:

1.

Other than Virgin Atlantic Airlines, Ltd. ("VAA"), for a period lasting through and including December 31, 2015, Defendants are permanently enjoined from possessing, using, copying, disclosing, transmitting, reviewing, distributing, discussing, transferring, commenting or relying on or referring to or otherwise misappropriating SITA'S CONFIDENTIAL INFORMATION AND TRADE SECRETS. As used herein, the term "CONFIDENTIAL INFORMATION AND TRADE SECRETS" shall be defined as: SITA's Passenger Revenue Accounting ("PRA") software, its source and object code, any related materials, and any knowledge, know-how or information concerning the PRA Software or customers possessed by Defendants, or other business affairs or products or finances of SITA, including but not limited

to:  (a) product specifications, discoveries, improvements, processes, marketing and service methods or techniques, formulae, styles, designs, specifications, databases, computer programs (whether in source code or object code), know-how, strategies, data, customer lists, current and anticipated customer requirements, price lists, market studies, business plans and any other information, however documented, that is a trade secret of SITA or any of its affiliates within the meaning set forth in O.C.G.A. § 10-1-761; (b) information, however documented, concerning the business affairs of SITA, which includes but is not limited to historical financial statements, financial projections and budgets and plans, business plans, the names and backgrounds of key personnel, personnel training and techniques and materials, and sales techniques and materials of SITA; and (c) notes, analyses, compilations, studies, summaries, and other material prepared by or for SITA containing or based, in whole or in part, on any information included in the foregoing; provided, however, CONFIDENTIAL INFORMATION AND TRADE SECRETS shall not include any information that Defendants demonstrate was or became generally known or available to the public other than as a result of an unauthorized or unlawful disclosure directly or indirectly by or to Defendants.

2.

Immediately, but no later than seven (7) days from the entry of this Order, Defendants shall provide to SITA an index itemizing all documents within their possession, custody or control which contain SITA's CONFIDENTIAL INFORMATION AND TRADE SECRETS. The index shall include the title of each document and file destroyed, the location where each documents and file was stored, the type of media on which each document and file was stored, the identity of the person who destroyed each document and file, and the method of destruction for each document and file.  Screenshots attached to the certification will be sufficient for

numerous emails or voluminous data to convey portions of the information requested above. SITA shall have the opportunity to pose questions and make requests for more complete information in the event that the index provided is incomplete. Once SITA approves, the documents on the index must be destroyed within three (3) days of approval, and Defendants must provide a certification to SITA confirming that they have been destroyed.

3.

Defendants Hugo Cordova, Fausto Capote and Kronos Software Solutions, Inc. shall execute a letter to be prepared by the parties, which shall state as follows: In connection with our separation from SITA, we are bound by certain restrictive covenants which prohibit us from contacting or servicing SITA's customers with respect to their Passenger Revenue Accounting ("PRA") software through December 31, 2015. Accordingly, Kronos, Mr. Cordova and Mr. Capote withdraw any offers or proposals related to your PRA software, and we will cease any service which we are providing related to your PRA software immediately. Please refer any questions concerning support or any other issues regarding your SITA PRA software to SITA.

4.

Other than the letter referenced in paragraph 3 above, and other than Virgin Atlantic Airlines, Ltd., Defendants shall immediately cease and desist from contacting SITA's PRA customers and employees for a period through and including December 31, 2015, directly or indirectly, for any reason, for their own account, or on behalf of or together with any other person for the purposes of:

    (a)    Soliciting, inducing or conspiring with, or attempting to solicit, induce or conspire with, any of the officers or employees of SITA or any of its affiliates (collectively

"SITA") with whom Defendants have dealt or otherwise had direct dealings to terminate their employment or relationship with, or to compete against, SITA;

(b)  Soliciting or inducing, causing, requesting, encouraging or attempting to solicit, directly or indirectly, any of the customers of SITA, to change or discontinue, in whole or in part, the customer's existing or prospective business relationship with SITA and/or to become a customer or vendor of any other person or entity, or to communicate with any person or entity for such purpose, or to authorize or approve the taking of such actions by any person or entity.

5.

All salary continuation payments as from SITA to Defendant Fausto Capote will cease as of the date of entry of this ORDER. All medical, dental and vision benefits being provided by SITA to Defendant Capote shall cease on February 28, 2014.

6.

Within 7 DAYS [AM] [Cz] ~~24 hours~~ of the entry of this Order, Defendants shall provide SITA with true, correct and complete copies of any and all communications between Defendants and SITA's PRA support customers, including without limitation to contracts, agreements, proposals, or other written, [or AM] electronic [or AM] ~~or oral~~ communications. [Cz]

7.

Each party agrees that it will not disparage the other or make any negative comments about the other to anyone regarding this lawsuit or related matter.

8.

Each part shall bear their own fees and costs.

SO ORDERED, this 13 day of Feb, 2014.

MAGISTRATE JUDGE, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF MIAMI

**Prepared and presented by:**

Lida Rodriguez-Taseff
Florida Bar No. 039111
DUANE MORRIS LLP
200 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
(305) 960-2200
(305) 960-2201 (fax)
LRTaseff@duanemorris.com

Annette A. Idalski
Georgia Bar No. 005559, *Pro Hac Vice*
F. Beau Howard
Georgia Bar No. 142641, *Pro Hac Vice*
CHAMBERLAIN HRDLICKA WHITE
　WILLIAMS & AUGHTRY
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303-1747
(404) 659-1410
(404) 659-1852 (fax)
annette.idalski@chamberlainlaw.com
beau.howard@chamberlainlaw.com

COUNSEL FOR PLAINTIFF SITA
INFORMATION NETWORKING
COMPUTING USA, INC.

Civ. Act. No. 1:14-cv-20449-JAL

SITA INFORMATION NETWORKING COMPUTING USA, INC.

By: *[signature]*

Its: Director, Human Resources

KRONOS SOFTWARE SOLUTIONS, INC.

By: *[signature]*

Its: Regional Director

FAUSTO CAPOTE

By: *[signature]*

HUGO CORDOVA

By: *[signature]*